**M. W. HUNTER, d/b/a Red Top Cab Company, Appellant,**

v.

**RESERVE INSURANCE COMPANY, a Corporation, Appellee.**

No. 7174.

Court of Civil Appeals of Texas.

Texarkana.

April 5, 1960.

Rehearing Denied May 24, 1960.

Robert B. Keenan, Gladewater, for appellant.

J. W. Falvey, Jr., Marcus Vascocu, Longview, for appellee.

DAVIS, Justice.

This is an appeal from a judgment of the county court of Gregg County, Texas. Defendant-appellant was sued by plaintiff-appellee for an alleged $511.27 which appellee contended that appellant still owed for a policy of insurance. It alleged that on February 16, 1957 it sold to appellant a policy

of insurance for one year and that appellant paid $336 for same. It further alleged that on October 14, 1957 the policy of insurance was cancelled and appellant was reimbursed in the sum of $115.08. The defendant answered and set out the above facts and then alleged " * * * that this policy was cancelled as of October 14, 1957 and plaintiff paid defendant $115.08 un-earned premium; that such payment was in full settlement of all liabilities of both plaintiff and defendant."

The case was tried before a jury and only one issue was submitted to the jury which was answered in favor of the appellant and is as follows:

"*Special Issue No. 1*

"What sum of money, if any, do you find from a preponderence of the evidence that the Defendant, M. W. Hunter, is indebted to the Plaintiff, Reserve Insurance Company, for automobile liability insurance premiums?

"Answer in dollar and cents, if any.

"Answer: None"

After the jury verdict had been returned and filed with the court, the appellee filed a motion for a judgment notwithstanding the verdict. In the motion, the appellee alleged in part as follows: " * * * and defendant received a refund of unearned premium in the sum of $115.08, * * *".

From a reading of the transcript in the case, one can readily see that the case was tried on the wrong theory and we have no other alternative than to set the judgment of the trial court aside and reverse and remand the case. Jackson et. al. v. Hall, 147 Tex. 245, 214 S.W.2d 458. At another trial it will be incumbent upon the appellee to plead and prove the necessary elements to repudiate the settlement. 9 Tex.Jur., 348, Chapt. IV. Relief.

It will not be necessary to discuss the points of error raised by the appellant.

The judgment of the trial court is set aside and the case is remanded.